IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| JAMES LAMONT TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 123-003 |
| | ) |
| VERIZON WIRELESS SERVICES, LLC, | ) |
| | ) |
| Defendant. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned case. Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. See Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*).

**I.   Procedural History**

Upon screening Plaintiff's original complaint, the Court directed Plaintiff to file an amended complaint because of multiple pleading deficiencies, including the failure to include specific factual details in support of conclusory legal claims or to explain how the stated federal statutes applied to Plaintiff's disputed credit transaction. (See doc. no. 6.) The Court provided Plaintiff with specific instructions for filing his amended complaint and cautioned him failure to comply with the terms of the Court's Order would result in a recommendation that his case be dismissed. (Id. at 5-6.) Indeed, Plaintiff is no stranger to this Court and its insistence on compliance with the pleading requirements of Federal Rule of

Civil Procedure 8(a), which requires a plaintiff to proffer a short and plain statement (1) detailing the Court's jurisdiction, (2) showing that he is entitled to relief, and (3) demanding judgment for the relief that he seeks.

This is so because just over two months before commencing this lawsuit, Plaintiff had ten prior lawsuits simultaneously dismissed because of either his failure to correct identified pleading deficiencies or failure to comply with a court order directing submission of an amended complaint providing factual detail in support of his claims. See, e.g., Taylor v. Freedom Mortg. Co., CV 122-085 (S.D. Ga. Oct. 25, 2022) (dismissed for failing to provide adequate notice of claims and grounds upon which claims rest because pleading did not connect bare factual assertions to cited federal statutes); Taylor v. Pay Pal, CV 122-115 (S.D. Ga. Oct. 25, 2022) (dismissed for failing to submit amended complaint as directed after identification of pleading deficiencies). As discussed below, Plaintiff's amended complaint in this case is also due to be dismissed because of his failure to cure the pleading deficiencies identified in the Court's February 15, 2023 Order.

**II.     Screening the Amended Complaint**

   **A.     Background**

Plaintiff names Verizon Wireless Services, LLC, as the sole Defendant. Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

"As a consumer and creditor," Plaintiff opened an account with Defendant on May 12, 2022, for cellular telephone service. (Doc. no. 7, pp. 4-5.) When Plaintiff failed to timely pay his monthly bills, which were sent to Plaintiff via United States mail, Defendant informed Plaintiff he was in default and could have his service disconnected and phone

number taken away. (Id. at 5.) The monthly bills failed to disclose Defendant was attempting to collect a debt, and Defendant falsely represented the consequences of non-payment. (Id.) The false representations, including reporting Plaintiff's failure to pay to credit reporting agencies, "runs the risk of repayment." (Id.) Plaintiff requested validation of the debt, to which Defendant responded by providing Plaintiff copies of his monthly bills, informed him where he could view copies of all of his account documents online, and identified the company to whom the debt was assigned, ANFI. (Id. at 5, 9-16.) Defendant's failure to provide the documentation regarding Plaintiff's delinquent account in the form Plaintiff requested "discriminates against consumer rights," and affixing Defendant's corporate symbol on Plaintiff's bills "invades privacy." (Id. at 6.)

Defendant's "invasion of privacy, harassment, abuse, false, deceptive, misleading representation, unfair practices, and failure to validate debt, poor customer service and business practices" has caused Plaintiff emotional distress and mental anguish for which he seeks $975 million in damages and restoration of his cellular service with his prior phone number. (Id. at 4, 7) Plaintiff also seeks $1,000 in damages for each of fifty-nine unidentified violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, ("FDCPA"). (Id. at 7.)

### B. Discussion

#### 1. Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same

3

standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the second amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. The second amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the amended complaint. See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff's Amended Complaint Should Be Dismissed for Failure to Follow a Court Order and as an Impermissible Shotgun Pleading

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (finding dismissal appropriate where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned" (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court"). Furthermore, although the Court gives a liberal construction to *pro se* pleadings, *pro se* litigants are nevertheless required to conform to procedural rules. Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007).

"[T]he ability to dismiss a complaint on shotgun pleading grounds" is included within the district court's inherent authority to control its docket. Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018). "Complaints that violate either Rule 8(a) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings'" Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count. . . ."

The dim view taken of shotgun pleadings has been described as follows:

> The Eleventh Circuit is particularly opprobrious of what are known as "shotgun pleadings," or pleadings that violate Rules 8(a)(2) or 10(b). See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1320-21 (11th Cir. 2015) (recognizing the Eleventh Circuit's "thirty-year salvo of criticism aimed at shotgun pleadings"); Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) ("Courts in the Eleventh Circuit have little tolerance for shotgun pleadings."). There are four types of shotgun pleadings: first, those "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before. . . ." Weiland, 792 F.3d at 1321. The second type is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. Third are those that do not separate each claim into a separate count. See id. at 1322-23. Fourth is the "relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts . . . or which of the defendants the claim is brought against." Id. at 1323.
>
> . . . .
>
> The purpose of Rules 8(a)(2) and 10(b) is to allow the defendant to discern what the plaintiff is claiming and frame a responsive pleading and to allow the court to determine whether the plaintiff has stated a claim for which relief can be granted. See Weiland, 792 F.3d at 1320. Courts are not required to "sift through the facts presented and decide for [itself] which [are] material." Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 372 (11th Cir. 2005) (quotation omitted).

Cummings v. Mitchell, No. CV 118-161, 2020 WL 1491751, at *2 (S.D. Ga. Mar. 17, 2020) (Hall, C.J.). The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland 792 F.3d at 1323 (footnote omitted).

Here, the Court previously explained to Plaintiff he had not provided sufficient factual detail about his claims. (Doc. no. 6.) The Court also specifically cautioned Plaintiff that employing nothing more than a formulaic recitation of legal terms in alleging discrimination, harassment, or abusive tactics regarding his communication with Defendant would not suffice. (Id. at 3-4.) The Court also provided Plaintiff a standard complaint form

6

containing explicit instructions to separately number each claim and provide information about the specific actions taken by Defendant that are alleged to have harmed Plaintiff or violated his rights.[1] Yet, Plaintiff completely ignored those instructions and again recited legal terminology without any factual support. For example, Plaintiff claims fifty-nine violations of the FDCPA without providing any dates of the alleged improper communication, other than the attachment of five bills, a letter informing Plaintiff he qualified for a Verizon account, one letter informing Plaintiff his account would be turned over to a collection agency, and two emails provided in response to inquiries from Plaintiff. (Id. at 8-15.) Even if Plaintiff had identified the allegedly incorrect information in these exhibits, they do not amount to fifty-nine instances of FDCPA violations.

Plaintiff alleges Defendant "disregards 18 U.S.C. § 8," but provides no explanation as to how the definition of an "obligation or other security of the United States" has anything to do with a cellular phone company seeking payment on a bill for services provided. Plaintiff's reference to 15 U.S.C. § 44 as a basis for liability with respect to the information provided to verify the delinquency of Plaintiff's account is similarly deficient, as that is a statutory definition, not a basis for imposing liability. Defendant provided information about the calculation of the amount owed on Plaintiff's account, as evidenced in the exhibits attached to the amended complaint, and Plaintiff does not identify any inaccuracies therein. The only facts to be gleaned from Plaintiff's amended complaint is that he opened an account with Defendant, did not timely pay his bills, and as promised, his service was disconnected.

---

[1]The complaint form instructs the *pro se* litigant to describe in the Statement of Claim what the defendant did to cause harm or violate the plaintiff's rights. (Doc. no. 7, p. 4.) In particular, the plaintiff is instructed to provide dates for the alleged wrongful conduct, and if more than one claim is stated, number each claim and write a short and plain statement for each count. (Id.)

7

None of the facts are tied to any specific claim against Defendant, but rather are provided only in the midst of a myriad of legal jargon. There is no explanation how the facts alleged support a claim under the FDCPA. Despite the opportunity to correct his pleading deficiencies, Plaintiff has not complied with the instructions provided, omitting critical factual detail and when there is factual detail, it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." Liebman v Deutsche Bank Nat'l Tr. Co., 462 F. App'x 876, 879 (11th Cir. 2012) (*per curiam*) (citation omitted).

Even if the Court were to assume for the sake of argument that Plaintiff's conclusory "the-defendant-unlawfully-harmed-me accusations" were sufficient – and they are not - Plaintiff has not shown the FDCPA even covers Defendant's actions in sending a bill for the service it provided. It is long settled that under the terms of the statute, creditors are not subject to the provisions of the FDCPA when they are collecting their own debts. 15 U.S.C. § 1692a(6) (defining "debt collector" as person who attempts or regularly attempts to collect debts owed or allegedly owed to another); see also Meads v. Citicorp Cred. Servs., Inc., 686 F. Supp. 330, 333 (S.D. Ga. 1988) (explaining actual creditors, so long as not attempting to collect debt under an assumed name, not subject to FDCPA). Plaintiff does not allege Defendant is attempting to collect a debt owed to anyone other than Defendant. The only mention of a third party is a reference to the collection agency to which the account had been turned over, but there are no details concerning the collection efforts of this entity which is not even named as a Defendant.

In sum, Plaintiff has not provided any facts establishing a valid FDCPA claim against Defendant. "The FDCPA prohibits a 'debt collector' from using a 'false, deceptive, or misleading representation or means in connection with the collection of any debt.'" Reese v.

8

Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d 1211, 1216 (11th Cir. 2012). Plaintiff does not allege facts that Defendant is a "debt collector" as defined in 15 U.S.C. § 1692a(6), and at best, he simply relies on his sweeping, conclusory allegations of bad behavior to seemingly imply Defendant is deceptively attempting to collect moneys owed to it. This will not suffice. See Lapinski v. Leech, 717 F. App'x 970, 971 (11th Cir. 2018) (*per curiam*) (affirming dismissal of complaint attempting to raise FDCPA claim that was "fraught with legal conclusions and devoid of nonspeculative factual allegations").

In sum, Plaintiff's amended complaint is a shotgun pleading which should be dismissed. See Ramos v. Katzman Chandler PA, No. 20-13485, 2021 WL 3140303, at *3, 5 (11th Cir. 2021) (*per curiam*) (dismissing an amended complaint nearly identical to the original complaint as an impermissible shotgun pleading when plaintiffs failed to address pleading deficiencies identified by court, including inclusion of "immaterial facts not obviously connected to a particular cause of action and . . . citations to laws and statutes whose application were unclear"). Indeed, it is long settled in the Eleventh Circuit that the dismissal of a *pro se* complaint is appropriate where a plaintiff fails to heed the pleading instructions from the court regarding re-drafting the complaint. Taylor v. Spaziano, 251 F. App'x 616, 620-21 (11th Cir. 2007) (*per curiam*); Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (*per curiam*). Plaintiff's disregard of the Court's instructions has resulted in the submission of an amended complaint which amount to little more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. Accordingly, Plaintiff's conclusory allegations should be dismissed. See Hesed-El v. Aldridge Pite, LLP, CV 119-162, 2020 WL 3163645, at *5 (S.D. Ga. June 12, 2020) (Hall, C.J.)

Moreover, the shotgun pleading does not separate Plaintiff's claims into discrete counts, supported by factual details tied to each claim. Plaintiff's use of numbers before each paragraph in the statement of claim, when the paragraphs do not contain factual detail about alleged wrongdoing, does not evidence compliance with the pleading requirements of the Federal Rules of Civil Procedure. Indeed, as discussed above, even as to the facts provided, Plaintiff fails to state a valid FDCPA claim. In sum, Plaintiff's pleading fails to provide sufficient details such that the Court could conclude he has any viable claims or that Defendant would have adequate notice of the claims against it and the grounds for those claims.

As the Court has already given Plaintiff an opportunity to remedy his pleading deficiencies, to no avail, Plaintiff's claims should be dismissed. See Hudson v. Morris, CV 420-120, 2022 WL 344556, at *5 (S.D. Ga. Feb. 4, 2022) (Baker, J.) (dismissing federal claims after concluding court need not provide limitless attempts to correct repeatedly noted pleading deficiencies).

### III.  Conclusion

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 13th day of March, 2023, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA